J-S46017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN SIMMONS | |
| Appellant | No. 2434 EDA 2015 |

Appeal from the PCRA Order July 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808801-1989

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 07, 2016**

John Simmons appeals from the order entered July 21, 2015, in the Philadelphia County Court of Common Pleas denying his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Simmons seeks relief from the judgment of sentence of an aggregate term of 15 to 30 years' imprisonment imposed on **October 24, 1989**, following his negotiated guilty plea, in two separate cases,[1] to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that the lower court docket number for the second case, 8902-1530, does not appear on any of the appellate paperwork.  However, the Commonwealth, like Simmons, refers to both cases and Simmons' **aggregate** sentence of 15 to 30 years' imprisonment.  **See** Commonwealth's Brief at 2-3.  Because we find Simmons' petition was untimely filed, and we are without jurisdiction to grant him relief, we need not further address this apparent discrepancy.

charges of aggravated assault, robbery, criminal conspiracy and possessing an instrument of crime (two counts).[2]  The PCRA court dismissed Simmons' petition as untimely filed.  On appeal, Simmons contends the timing provision of the PCRA statute is unconstitutional because it bars him from obtaining relief from an illegal sentence.  For the reasons that follow, we affirm.

The relevant facts and procedural history are as follows.  In February of 1988, Simmons participated in two robberies and assaults.  On October 24, 1989, Simmons entered a negotiated guilty plea in both cases to the above-stated charges.  Pursuant to the terms of the plea, the trial court imposed a sentence of seven and one-half to 15 years' imprisonment at each docket, and directed the sentences to run consecutively to each other, but concurrently to another sentence that Simmons was then serving for an unrelated matter.  It appears the trial court imposed two mandatory minimum sentences pursuant to 42 Pa.C.S. § 9712 (offenses committed with firearms).[3]  He did not file a direct appeal.

_____

[2] **See** 18 Pa.C.S. §§ 2702, 3701, 903, and 907, respectively.

[3] We note that Simmons asserts the trial court imposed two mandatory minimum sentences.  While the trial court did not explicitly state it was doing so, the certified record includes a Notice of Mandatory Minimum Sentence Case filed by the Commonwealth at the docket number listed in the caption of this appeal.  **See** Notice of Mandatory Minimum Sentence Case, 8/14/1989.  Further, during the guilty plea/sentencing hearing, when the trial court asked the prosecutor if she had anything to add other than the recommended sentence, she replied, "Simply two mandatories.  [I g]ave
*(Footnote Continued Next Page)*

- 2 -

Thereafter, in December of 1996, Simmons filed a *pro se* petition seeking to modify his sentence or withdraw his guilty plea *nunc pro tunc*. The trial court denied the petition, and this Court subsequently quashed Simmons' appeal. **See** 2718 PHL 1997.

On February 2, 1998, Simmons filed a PCRA petition, in which he argued trial counsel was ineffective for inducing him to enter a guilty plea. The PCRA court dismissed the petition on October 16, 1998, and a panel of this Court affirmed on appeal. **See Commonwealth v. Simmons**, 754 A.2d 22 (Pa. Super. 2000) (unpublished memorandum).[4] The Pennsylvania Supreme Court subsequently denied allocatur review. **See Commonwealth v. Simmons**, 760 A.2d 853 (Pa. 2000).

On February 2, 2006, Simmons filed another PCRA petition, which the PCRA court dismissed as untimely filed, and this Court affirmed, based on Simmons' failure to file a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. **See Commonwealth v. Simmons**, 945 A.2d 770 (Pa. Super. 2007) (Judgment Order at 3).

*(Footnote Continued)* —————

the defendant a plea to two to clear out all the open cases. That's the reason we negotiated the sentence." N.T., 10/24/1989, at 23. The Commonwealth does not refute Simmons' claim that he was subjected to two mandatory minimum sentences. Therefore, for purposes of this appeal, we will presume Simmons' contention is correct.

[4] It merits mention that both the PCRA court and this Court agreed that Simmons' December 1996 post-sentence motion should have been treated as a PCRA petition. **See** PCRA Court Opinion, 11/17/1998, at 2 n.1; **Simmons**, **supra**, 754 A.2d 22 (unpublished memorandum at 2 n.1).

Simmons filed the present PCRA petition, *pro se*, on October 17, 2014. In his petition, and accompanying Memorandum of Law, Simmons claimed he was serving an illegal sentence pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), and this Court's decision in **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).[5] He also averred that his petition was timely filed pursuant to the unknown facts exception to the time-for-filing requirements. **See** PCRA Petition, 10/17/2014, at 3.

On May 28, 2015, the PCRA court sent Simmons notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition as untimely without first conducting an evidentiary hearing. Simmons filed a *pro se* response, in which he requested the court hold his PCRA petition "in abeyance" pending

---

[5] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Newman**, **supra**, 99 A.3d at 98. **See id.** (invalidating 42 Pa.C.S. § 9712.1); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9712), *appeal denied*, 124 A.3d 309 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

the outcome of two pending Supreme Court decisions, ***Commonwealth v. Hopkins***, and ***Commonwealth v. A.D.H.***,[6] which he claimed would be "answering the question if ***Alleyne*** applies retroactively on collateral review." Response to Notice of Intent to Dismiss, 6/17/2015, at 2. Further, Simmons asserted the PCRA court's "application of ***Alleyne*** as applied to his case violates [his] Sixth and Fourteenth … Amendment rights to a fair trial and/or sentencing hearing." ***Id.*** at 3. On July 21, 2015, the PCRA court dismissed the petition, and this timely appeal followed.[7]

On appeal, Simmons argues the PCRA's timing requirements are unconstitutional as applied because they deny him his right to due process of law. Specifically, he contends (1) the time bar prevents him from obtaining relief from a "wrongful conviction" of a statute that is void *ab initio*;[8] (2) the reasonable doubt standard required by ***Alleyne*** should be

---

[6] ***See Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), and ***Commonwealth v. A.D.H.***, 131 A.3d 100 (Pa. Super. 2015), ***appeal denied***, 134 A.3d 53 (Pa. 2016). Neither of these subsequent decisions provided Simmons with a basis for relief. The Supreme Court in ***Hopkins***, *supra*, granted the defendant relief from an illegal sentence **on direct appeal**. In ***A.D.H.***, *supra*, a panel of this Court found the defendant's ***Alleyne*** claim did not meet one of the timeliness exceptions under the PCRA, and the Supreme Court denied allocatur review.

[7] The PCRA court did not order Simmons to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[8] Simmons' Brief at 12 n.1.

applied retroactively;[9] (3) he has been denied his right to "petition the court for redress of his grievances[;]"[10] and (4) he has been denied his "Due Process rights to a remedy."[11]

When considering an appeal from an order denying PCRA relief,

> [o]ur standard of review … is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

Here, the PCRA court determined Simmons' petition was untimely filed. *See* PCRA Court Opinion, 8/25/2015, at 3-4. We agree. Simmons' judgment of sentence became final on November 24, 1989, 31 days after he was sentenced,[12] and he failed to file a direct appeal. *See* 42 Pa.C.S. § 9545(b). Therefore, the instant petition filed nearly 25 years later on October 17, 2014, was patently untimely.

_____

[9] *Id.* at 14.

[10] *Id.* at 17.

[11] *Id.* at 18.

[12] We note that the 30th day, November 23, 1989, was Thanksgiving, a legal holiday. Therefore, Simmons had until Friday, November 24th to file a timely petition. *See* 1 Pa.C.S. § 1908.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

In the present case, Simmons asserted, in his *pro se* petition, the fact that his sentence was illegal was unknown to him until this Court issued its *en banc* decision in **Newman**, **supra**, and he, thereafter, filed a petition for relief within 60 days of the **Newman** decision. However, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Accordingly, Simmons

has failed to plead and prove that his petition meets one of the time-for-filing requirements of the PCRA.[13]

The mandate of the statute is clear:

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. **Commonwealth v. Abu–Jamal**, 574 Pa. 724, 833 A.2d 719, 723–24 (2003); **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. **Murray**, at 203.

**Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012). This includes an **Alleyne** claim challenging the legality of a sentence. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Nevertheless, in his brief before this Court, Simmons ignores the applicability of the timeliness exceptions, and shifts his focus to the purported unconstitutionality of the statute. Simmons claims, "[a]s applied, 42 Pa.C.S.A. § 9543 is unconstitutional in that, it acts as a time-bar to [his] challenge to his illegal sentence, stemming from an unconstitutional statute (42 Pa.C.S.A. § 9712)." Simmons' Brief at 10. Specifically, he argues the

---

[13] We note that even if Simmons had invoked one of the remaining timeliness exceptions, he would still be entitled to no relief. His claim does not include any facts which could reasonably support an allegation of "interference by government officials" pursuant to Section 9545(b)(1)(i). Moreover, this Court has found that an **Alleyne** claim fails to satisfy the "new constitutional right exception to the time-bar" codified at Section 9545(b)(1)(iii) because neither the United States or Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

timing requirements of the PCRA violate his due process rights under both the United States and Pennsylvania Constitutions.

Because Simmons did not raise this constitutional challenge in either his *pro se* PCRA petition or his response to the PCRA court's Rule 907 notice, it is waived for our review. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014). ***See also Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal."). Moreover, it is well-settled that the timeliness provision of the PCRA does not violate a defendant's due process rights because "the time for filing restriction is reasonable." ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 n.8 (Pa. 1998). ***See id.*** at 643 (stating timeliness provision "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction."). Accordingly, Simmons' claim, even if preserved, entitles him to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016

- 9 -